UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANTHONY FRESINA, CARMEN
NICOTERA, JR., TRAVIS PHILLIPS,
ANDREW SCIOCCHETTI, BRIAN MALOY
and DALE SHULTS, AS THE TRUSTEES
AND FIDUCIARIES OF THE LABORERS'
LOCAL 190 PENSION FUND, LABORERS'
LOCAL 190 ANNUITY FUND, and THE
LABORERS' LOCAL NO. 190 HEALTH
FUND, and THE LABORERS LOCAL UNION
NO. 190,

1:25-CV-1016
(ECC/DJS)

Plaintiffs,

v.

F & R UNLIMITED, LLC,

Defendant.

Gregory S. Campora, Esq., *for Plaintiffs*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

Plaintiffs Anthony Fresina, Carmen Nicotera, Jr., Travis Phillips, Andrew Sciocchetti,

Brian Maloy and Dale Shults, as the Trustees and Fiduciaries of the Laborers' Local 190 Pension

Fund, Laborers' Local 190 Annuity Fund, and the Laborers' Local No. 190 Health Fund, and the

Laborers Local Union No. 190 (Plaintiffs) filed this action alleging that Defendant F & R

Unlimited, LLC (Defendant), violated the Employment Retirement Income Security Act of 1974

(ERISA), as amended by the Multiemployer Pension Plan Amendments Act of 1980 (MPPAA),

29 U.S.C. § 1001 *et seq.  See* Dkt. No. 1.  Plaintiffs seek a judgment representing audit disclosures,

audit costs, interest, liquidated damages, legal costs, and attorney's fees.  *Id.* at Wherefore Clause;

[Proposed] Order of Default Judgment, Dkt. No. 15-2; *see generally* Declaration of Gregory S.

Campora, Dkt. No. 15-6.  Upon Plaintiffs' application and considering Defendant's failure to appear in or otherwise defend this action, the Clerk of the Court noted the default of Defendant on October 29, 2025.  *See* Dkt. No. 9.

Currently pending before this Court is Plaintiffs' motion for default judgment.  *See* Dkt. No. 15.  For the reasons set forth below, Plaintiffs' motion is granted.

## I.    FACTS[1]

Plaintiffs Anthony Fresina, Carmen Nicotera, Jr., Travis Phillips, Andrew Sciocchetti, Brian Maloy and Dale Shults are the Trustees and Fiduciaries of the Laborers' Local No. 190 Pension Fund, the Laborers' Local No. 190 Annuity Fund, and the Laborers' Local No. 190 Health Fund (collectively, the Funds).  Plaintiff the Laborers Local Union No. 190 is a labor organization within the meaning of 29 U.S.C. § 5152(5).  Plaintiffs collectively allege that Defendant failed to make required contributions to the Funds.  The Funds are multi-employer employee-benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3), (37), which in turn are established and maintained by Restated Agreements and Declarations of Trust and by Collective Bargaining Agreements (CBAs) between the Laborers' International Union of North America and signatory contractors, to which Defendant agreed to be bound.  *See* Dkt. No. 1 at ¶ 1.  Defendant, a construction company, is an employer within the meaning of Sections 501(l), (3), and 2(2) of the Labor-Management Relations Act, 29 U.S.C. §§ 142(1), (3), and 152(2), Sections 3(5), (9), (12), and (14) of ERISA, 29 U.S.C. §§ 1002(5) (9), (12), and (14), and Section 3 of the MPPAA.  *See id.* at ¶ 3.

---

[1] The following facts are drawn from Plaintiffs' complaint, supporting declaration, and accompanying exhibits, and are accepted as true for the purposes of this motion.

The Funds are employee benefit funds which were created and exist pursuant to Agreements and Declarations of Trust entered into between participating employers and union locals affiliated with the AFL-CIO. *See* Dkt. No. 1 at ¶ 1; Dkt. No. 15-3. Defendant entered into a CBA whose terms required Defendant to pay contributions to the Funds and the Local. *See* Dkt. No. 1 at ¶ 2; *see also* Dkt. No. 15-3. The CBA between the Funds and Defendant was effective from March 31, 2019 to March 31, 2022, and renewed for the period of April 21, 2022 to March 31, 2025. *See* Dkt. No. 15-3 at 22, 46. Defendant employed persons who were participants in the Funds during the applicable time period and therefore was required to make contributions to the Funds for the period of 2020 through 2023. *See* Dkt. No. 1 at ¶ 7.

Under Article XVI of the CBA, Defendant is required to make contributions to the Funds and in the event that contributions are not made, Defendant agreed to pay all necessary litigation and accounting expenses. *See* Dkt. No. 15-3 at 13, 14, 38, 39. A separate Policy for Collection of Delinquent Contributions, which was agreed to by Defendant under Article XVI(5)(e) of the CBA, specifically outlines the remedies allowed when delinquent payments are discovered, including the right to audit, the right to require Defendant to pay the cost of an audit, interest, attorney's fees, and other expenses, and the right to recover liquidated damages. *See* Dkt. No. 15-5.

An audit conducted by a certified public accountant revealed 760.00 hours worked by employees of Defendant which were not reported or paid as required by the CBA. *See* Dkt. No. 15-4. This resulted in $21,736.75 in contributions due to the Funds and the Local which were not paid by Defendant. *See id.*; *see also* Dkt. No. 15-6 ¶ 6.

Plaintiffs' complaint was filed on July 30, 2025. *See* Dkt. No. 1. Plaintiffs served Defendant with the summons and complaint on August 19, 2025, by service on the Secretary of

3

State of New York, the statutory agent for service of process. *See* Dkt. No. 5. Proof of service was filed on the docket on October 21, 2025. *See id.*

Plaintiffs seek judgment against Defendant for the unpaid contributions, along with audit costs, interest, liquidated damages, legal costs, and reasonable attorney's fees. *See* Dkt. No. 1, WHEREFORE clause. To date, Defendant has not filed an answer or otherwise appeared in this action. On October 29, 2025, Plaintiffs obtained a Clerk's Entry of Default. *See* Dkt. No. 9. On December 13, 2025, Plaintiffs filed and served a motion requesting that the Court enter default judgment against Defendant. *See* Dkt. No. 13. On April 14, 2026, Plaintiffs were directed to cure filing deficiencies. *See* Dkt. No. 14. On April 27, 2026, Plaintiffs filed an amended motion for default judgment. *See* Dkt. No. 15. Defendant did not respond.

## II.   DISCUSSION

### A.  Legal Standards

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for entry of a default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993). First, the Clerk of Court enters the default pursuant to Rule 55(a) by notation of the party's default on the Clerk's record of the case. *See id.*; *see also* Fed R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). This first step is nondiscretionary. *See United States v. Conolly*, 694 Fed. Appx. 10, 12 (2d Cir. 2017). Second, after the Clerk of Court enters a default against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), the plaintiff may apply to the court for a default judgment. *See* Fed. R. Civ. P. 55(a), (b)(2).

Considering the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." *Enron Oil*, 10 F.3d at 95-96. When

4

evaluating a plaintiff's application for a default judgment, "a court is required to accept all []

factual allegations as true and draw all reasonable inferences in [plaintiff's] favor." *Finkel v.*

*Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). "Nevertheless, it remains for the court to consider

whether the unchallenged facts constitute a legitimate cause of action, since a party in default does

not admit conclusions of law." *Doe v. Rees*, 3:24-CV-274, 2025 WL 834786, at *4 (N.D.N.Y.

Mar. 17, 2025) (quoting *Labarbera v. ASTC Labs., Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y. 2010)

(internal quotations and citations omitted)); *see also TAGC Mgmt., LLC v. Lehman, Lee & Xu Ltd.*,

536 Fed. Appx. 45, 46 (2d Cir. 2013) ("[P]rior to entering default judgment, a district court is

required to determine whether the plaintiff's allegations establish the defendant's liability as a

matter of law.") (internal quotations and citations omitted).

### B. Liability

Although "a default is an admission of all well-pleaded allegations against the defaulting

party," the Court must still consider whether the unchallenged facts "meet the elements of the

relevant cause of action." *Henry v. Oluwole*, 108 F.4th 45, 55 (2d Cir. 2024) (citing *Vt. Teddy*

*Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004)).

To begin, Plaintiffs have standing under ERISA to bring this suit. Standing is an

"irreducible constitutional minimum." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Even

where standing has not been challenged by a defendant, the Court "still must evaluate whether

Plaintiffs have standing." *N.Y. State Teamsters Conf. Pension & Ret. Fund by Bulgaro v. Yank*

*Waste Co., Inc.*, No. 24-CV-84 (MAD/TWD), 2024 WL 4284647, at *3 (N.D.N.Y. Sept. 25, 2024).

Plaintiffs are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. §

1002(21), as they are tasked with the management of the multi-employer/employee benefit plans

as Trustees. *See* Dkt. No. 1 at ¶ 1; *see also Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y.*

*Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 188 (2d Cir. 2015) ("A fiduciary, under ERISA is someone who exercises any discretionary authority or discretionary control respecting management of [an ERISA benefit] plan or exercises any authority or control respecting management or disposition of its assets." (internal quotations and citations omitted)). Under ERISA, federal courts have "jurisdiction over civil actions brought by fiduciaries of employee benefit plans to enforce provisions of such plans." *Trs. of Loc. 7 Tile Indus. Welfare Fund v. City Tile, Inc.*, No. 10-CV-322, 2011 WL 917600, at *1 (E.D.N.Y. Feb. 18, 2011), *adopted by* 2011 WL 864331 (E.D.N.Y. Mar. 10, 2011); *see also* 29 U.S.C. § 1132(a)(3) (stating that fiduciaries of a plan may bring an ERISA action). Plaintiffs' status as fiduciaries permit them to sue an employer, as defined under ERISA, "to recover the unpaid contributions." *Finkel v. Romanowicz*, 577 F.3d 79, 85 (2d Cir. 2009) (citing 29 U.S.C. §§ 1132, 1109).

Plaintiffs allege a violation of Section 515 of ERISA, 29 U.S.C. § 1145, based on Defendant's failure to comply with the CBA by failing to make the required contributions to the Funds during the relevant period. *See* Dkt. No. 1. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions . . . under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145; *see also Trs. of N.Y. City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund v. Prime Contractors Inc.*, No. 23-CV-9033, 2024 WL 5048318, at *6 (S.D.N.Y. Nov. 18, 2024), *adopted by* 2024 WL 5047916 (S.D.N.Y. Dec. 9, 2024). To establish a violation of Section 515, Plaintiffs must show that Defendant "(1) is an employer; (2) is bound by a [collective bargaining agreement] that required payment of contributions; and (3) failed to make those contributions." *Trs. of Pavers*

*& Rd. Builders Dist. Council Welfare, Pension, & Annuity Funds v. Rici Corp.*, No. 23-CV-5856, 2024 WL 4314958, at \*4 (E.D.N.Y. Aug. 19, 2024).

Plaintiffs have established Defendant's liability under Section 515 of ERISA. First, Defendant is an employer under the meaning of ERISA. "An 'employer' is 'any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan.'" *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of Int'l Union of Operating Engineers Loc. 15, 15A, 15C & 15D, AFL-CIO by Callahan v. Baymen Indus. Ltd.*, No. 22-CV-703, 2024 WL 4274949, at \*7 n.16 (E.D.N.Y. Sept. 24, 2024) (quoting 29 U.S.C. § 1002(5)). Plaintiffs sufficiently allege that Defendant is acting as an employer because it is a construction company that bound itself to the CBA. *See* Dkt. No. 1 at ¶¶ 5, 6; Dkt. No. 15-6 at ¶ 5.

Second, Plaintiffs sufficiently allege that the CBA obligated Defendant to make benefit contributions to the Funds. *See id.* ERISA requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. "ERISA's reference to a 'plan' means an employee welfare benefit plan or an employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension benefit plan." *Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of Intl. Union of Operating Engineers, Loc. 15, 15A, 15C & 15D, AFL-CIO v. Rizzo Env't Servs. Corp.*, No. 22-CV-556, 2022 WL 1460585, at \*3 (E.D.N.Y. May 9, 2022) (quoting 29 U.S.C. § 1002(3)). As the complaint states, Defendant was required to make contributions to the

Funds. *See* Dkt. No. 1 at ¶¶ 5, 6. Moreover, Plaintiffs have submitted a copy of the CBA which requires contributions by Defendant to the Funds. *See* Dkt. No. 15-3 at 13, 38.

Third, Plaintiffs have sufficiently alleged that Defendant failed to make those benefit contributions. Defendant failed to make the required contributions to the Funds as a result of the discovered 760.00 unreported or unpaid hours worked by employees of Defendant. *See* Dkt. No. 15-4; *see also* Dkt. No. 15-6 ¶ 6. Plaintiffs have therefore stated a claim under Section 515. *See, e.g., Alston as Tr. of Loc. 272 Lab. Mgmt. Pension Fund v. Nagle Parking Inc.*, No. 23-CV-1739, 2023 WL 4157186, at *2 (S.D.N.Y. June 23, 2023) (concluding that "allegations that an employer failed to remit contributions to an ERISA plan in accordance with the terms of the [collective bargaining agreement] . . . are sufficient to plead liability under ERISA"); *Rizzo Env't Servs. Corp.*, 2022 WL 1460585, at *3 (finding "allegations in a complaint that an employer failed to remit contributions to an ERISA plan are sufficient to establish the employer's liability under ERISA").

In short, Plaintiffs have adequately established Defendant's liability under ERISA and default judgment in favor of Plaintiffs is appropriate.

## C. Damages

While the allegations of a complaint concerning liability are deemed admitted upon entry of default, allegations relating to damages are not. *See Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citing *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). Rather, a court must ensure that there is an evidentiary basis for the damages sought by a plaintiff before entering judgment in the amount demanded. *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). A court may make this determination based upon evidence presented at a hearing or upon a review of

detailed affidavits and documentary evidence. *See* Fed. R. Civ. P. 55(b)(2); *Joe Hand Promotions, Inc. v. Levin,* No. 18-CV-9389, 2019 WL 3050852, at *3 (S.D.N.Y. July 12, 2019) (holding that a hearing is "not necessary as long as [the Court] ensure[s] that there was a basis for the damages specified in the default judgment") (alterations in original, internal quotations omitted); *Fustok*, 873 F.2d at 40 (noting that a court may rely on detailed affidavits and documentary evidence as the basis for determining damages to be awarded in a default judgment).

As to damages, the ERISA statute provides that in any action on behalf of a plan to enforce Section 1145 in which a judgment in favor of the plan is awarded, the Court shall award:

a) the unpaid contributions;
b) interest on the unpaid contributions;
c) an amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the unpaid contributions;
d) reasonable attorney's fees and costs of the action; and
e) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

For the reasons set forth below, a hearing on the issue of damages is unwarranted and that Plaintiffs relief should be granted as discussed below.

### 1.    Unpaid Contributions

Plaintiffs seek a total of $21,736.75 in unpaid contributions owed to the Funds for the period between September 1, 2020, through September 1, 2023. *See* Dkt. No. 15-7 at ¶ i. That amount was determined during a compliance audit of Defendant's books and records. An audit conducted by a certified public accountant revealed 760.00 hours worked by employees of Defendant which were not reported or paid under the CBA. *See* Dkt. No. 15-4. This resulted in $21,736.75 in contributions due to the Funds and the Local which were not paid by Defendant. *See id.*; *see also* Dkt. No. 15-6 at ¶ 6. Plaintiffs have provided adequate documentation to establish the amount of the delinquent contributions. *See Annuity, Welfare & Apprenticeship Kill*

9

*Improvement & Safety Funds v. PETK, Inc.*, No. 22-CV-3559, 2022 WL 19520880, at *4-6 (E.D.N.Y. Oct. 13, 2022) (explaining that in cases raising ERISA claims, courts rely on affidavits, reports, and other documentary evidence to support award of unpaid contributions and awarding unpaid contributions based on audit report).  Therefore, Plaintiffs are awarded $21,736.75 for unpaid ERISA contributions.

### 2.    Audit Costs

Plaintiffs seek to recover audit costs, which are provided for under ERISA and the CBA. *See Int'l Bhd. Of Elec. Workers Local No. 43 Pension, Annuity, and Health and Welfare Funds v. Kay-R Elec. Corp.*, No. 5:09-CV-87, 2011 WL 2976266 (GTS/DEP), at *5 (N.D.N.Y. July 21, 2011) (citing *King v. JCS Enters.*, 325 F. Supp. 2d 162, 172 (E.D.N.Y. 2004) (finding that 29 U.S.C. § 1132(g)(2)(E) allows recovery of audit fees)); *see also* Dkt. No. 15-5 at 4; Dkt. No. 15-7 at ¶ i.  Plaintiffs request $2,100.00 in audit fees.  Requests for audit fees must be supported by "records . . . sufficient to allow the court to determine the reasonableness of the audit costs." *Morin v. Nu–Way Plastering Inc.*, No. 03–CV–0405, 2005 WL 3470371, at *4 (E.D N.Y. Dec. 19, 2005) (citing *King*, 325 F. Supp. 2d at 173-74).  Plaintiffs have provided adequate records, which reflect the reasonableness of the requested audit costs.  *See* Dkt. No. 15-4.  As a result, Plaintiffs are awarded $2,100.00 in audit fees.

### 3.    Interest

Plaintiffs also seek the interest provided for under the CBA at a rate of 2% per month from September 1, 2020, through September 1, 2023.  *See* Dkt. No. 15-7 at ¶ ii; Dkt No. 15-5 at 11 (Section 5 at ¶ 1).  The CBA (through the "Policy for Collection of Delinquent Contributions") plainly provides for the award of late penalty interest "from the due date at the rate of two percent (2%) over the prime interest rate per annum as reported on the first business day of the year by the *Wall Street Journal*." Dkt. No. 15-5 at 11.  Moreover, "ERISA provides that 'interest on unpaid

contributions shall be determined by using the rate provided under the plan.'" *See Loc. 363, United Elec. Workers of Am., IUJAT v. J. United Elec. Contracting Corp.*, No. 22-CV-6864, 2024 WL 1251601, at *4 (E.D.N.Y. Mar. 5, 2024) (citing 29 U.S.C. § 1132(g)(2)), *adopted by*, 2024 WL 1345801 (E.D.N.Y. Mar. 29, 2024). Therefore, Plaintiffs are awarded $7,014.89 in unpaid interest.

### 4.   Liquidated Damages

Plaintiffs seek liquidated damages owed under 29 U.S.C. § 1132(g)(2)(C). Pursuant to ERISA, a party is entitled to liquidated damages equal to the greater of: (1) the interest on the unpaid contributions; or (2) the liquidated damages provided for under the collective bargaining agreement in an amount that does not exceed twenty percent of the unpaid contributions. *See* 29 U.S.C. § 1132(g)(2)(c). Pursuant to the CBA, Plaintiffs seek recovery for liquidated damages applying 10% to the delinquent amount. *See* Dkt. No. 15-5 at 1, 11; Dkt. No. 15-7 at ¶ iii. Plaintiff accurately calculates that amount as $2,173,68. *See* Dkt. No. 15-7 at ¶ iii. Therefore, Plaintiffs are awarded $2,173,68 in liquidated damages.

### 5.   Attorney's Fees & Costs

Plaintiffs also seek an award of attorney's fees and costs. Under the CBA, through the "Policy for Collection of Delinquent Contributions," the award of such fees and costs is specifically contemplated and agreed to. *See* Dkt. No. 15-5 at 11.

Beginning with costs, Plaintiffs request $405.00 for the filing fee in this Court and $154.00 for the fees associated with service to Defendant of the summons and complaint. *See* Dkt. No. 15-7 at ¶ iv; Dkt. No. 15-9. The CBA specifically considers these costs. *See* Dkt. No. 15-5 at 11. Furthermore, under ERISA, the Court is obligated to award such costs. *See* 29 U.S.C. § 1132(g). Moreover, the costs sought by Plaintiffs are the type of costs typically awarded by courts in this Circuit. *See, e.g.*, *Unite Here Ret. Fund v. Edward Vill. Grp, LLC*, No. 21-CV-2141, 2021 WL

11

5414972, at *8 (S.D.N.Y. Nov. 16, 2021) (explaining that filing fees and reasonable process-server fees are recoverable as costs).

Turning to attorney's fees, Plaintiffs seek $2,000.00 for 8 hours of work at $250.00 per hour for Attorney Gregory S. Campora, Esq. *See* Dkt. No. 15-7 at ¶ iv; Dkt. No. 15-9. Beginning with the hourly rate, Plaintiffs' attorney requests a reasonable hourly rate for his work on this case. Campora's rate has been approved by other courts in this district in similar cases raising claims under ERISA and concluding in a default judgment. *See, e.g.*, *N.Y. State Teamsters Conf. Pension & Ret. Fund by Bulgarov v. Int'l Chimney Corp.*, No. 5:19-CV-00169, 2020 WL 1044022 (NAM/ML), at *4 (N.D.N.Y. Mar. 4, 2020) (finding that a rate of $250 per hour was reasonable for an experienced attorney); *Engineers Jt. Welfare Fund v. C. Destro Dev. Co., Inc.*, 178 F. Supp. 3d 27, 36 (N.D.N.Y. 2016) (finding that rates from $241-291 per hour were reasonable for experienced attorneys). Turning to the hours requested, counsel seeks fees for 8 hours of work on this matter. *See* Dkt. No. 15-9. The amount of time expended on the individual tasks is reasonable given the nature of the work performed, and the total amount of time expended (8 hours) is well within the range of hours typically approved by courts as reasonable in cases raising an ERISA claim that results in a default judgment. *See, e.g.*, *Nagle Parking Inc.*, 2023 WL 4157186, at *3-4 (approving a default judgment award for 8.6 hours of work). Accordingly, the award of attorney's fees and costs shall be the sum of $2,559.50, which represents: 1) $2,000.00 (8 hours x $250 per hour) for Attorney Campora's services; and 2) $559.50 in costs.

### 6. Post-Judgment Interest

Although not requested by Plaintiffs, by statute, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court" and "[s]uch interest shall be calculated from the date of the entry of judgment." 28 U.S.C. § 1961(a). 28 U.S.C. § 1961(a) states that interest

12

shall be allowed on any money judgment in a civil case recovered in a district court and "shall be calculated . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Because an award of post-judgment interest is mandatory, *see Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008), based on their success in this action, Plaintiffs are entitled to post-judgment interest, which should be calculated from the date of judgment until the date of payment, at the rate of 3.78 percent.[2]

## III.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiffs' motion for default judgment, Dkt. No. 15, is **GRANTED**; and it is further

**ORDERED** that Plaintiffs are awarded Judgment against Defendant F & R Unlimited, LLC in the amount of $35,584.82; and it is further

**ORDERED** that Plaintiffs are awarded post-judgment interest from the date of judgment until the date of payment, at the rate of 3.78 percent; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: May 11, 2026

Elizabeth C. Coombe
U.S. District Judge

---

[2] *See* Board of Governors of the Federal Reserve System Selected Interest Rates for the Week of May 4, 2026, https://www.federalreserve.gov/releases/h15/.